# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 14, 2011

Lyle W. Cayce
Clerk

No. 11-20057
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEAL TIEL GARCIA LUCAS,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-603-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Seal Tiel Garcia Lucas appeals the 28-month below-guidelines sentence imposed following his guilty plea to illegal reentry following deportation after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326. Garcia Lucas argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He contends that the guidelines sentencing range was too severe because U.S.S.G. § 2L1.2 is not empirically based and resulted in the double counting of his prior conviction for a drug

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trafficking offense.  He also argues that the sentence imposed did not accurately reflect the seriousness of his offense and failed to account for his motive for reentering.

Garcia Lucas's empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable.  *See Duarte*, 569 F.3d at 529-31; *see also* § 2L1.2, comment. (n.6).  Finally, Garcia Lucas's assertions regarding the seriousness of his immigration offense and his motive for reentering the United States do not render his 28-month sentence unreasonable.  *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Accordingly, the district court's judgment is AFFIRMED.